EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, COUNTY OF FREMONT, COLORADO<br>Fremont Combined Court<br>136 Justice Center Road<br>Canon City, CO 81212 | DATE FILED: June 1, 2021 8:46 AM<br>FILING ID: 24B20684231CE<br>CASE NUMBER: 2021CV30037 |
| REBECCA JANEZICH,<br>Plaintiff,<br><br>vs.<br><br>WALMART INC.<br>Defendant. | ▲COURT USE ONLY▲<br><br>CASE NUMBER:<br><br>DIVISION: |
| Attorney for Plaintiff:<br>Joshua Robnett, Esq., #45734<br>EARL & EARL, PLLC<br>1259 Lake Plaza Drive, Suite 230<br>Colorado Springs, CO 80906<br>Phone: (719) 900-2500   Fax: (719) 269-8832 | |
| COMPLAINT ||

The Plaintiff, Rebecca Janezich, by and through her attorneys, the Law Firm of Earl & Earl, PLLC, and for her claims against Defendant, Walmart Inc., allege as follows:

## VENUE AND JURISDICTION

1. The Plaintiff, Rebecca Janezich, is a resident of Fremont County, Colorado.

2. The Defendant, Walmart Inc. ("Wal-Mart"), is and was at all times relevant hereto a corporation organized under the laws of the State of Delaware with its principal office in the State of Arkansas and is and was at all times relevant hereto doing business in Fremont County, State of Colorado, at that real property known as Wal-Mart Supercenter Store #1019, 3105 East U.S. Highway 50, Canon City, Colorado 81212 ("the Property").

3. The incident that is the basis of this action occurred at the Wal-Mart Supercenter Store #1019 in Canon City, Fremont County, Colorado.

4. Defendant Walmart Inc.'s registered agent is CT Corporation System, 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80112-1268

5. Venue in Fremont County, Colorado is appropriate pursuant to C.R.C.P. 98(c)(5).

## GENERAL ALLEGATIONS

6. Paragraphs 1 through 5 are incorporated by this reference as if fully set forth herein.

7. Plaintiff was a customer of the Wal-Mart Supercenter Store #1019 in Canon City, Colorado on or around June 22, 2019.

8. At the time of the incident, Plaintiff was an invitee as that term is defined by Section 13-21-115(5), C.R.S, Colorado Premises Liability Act (CPLA).

9. Upon information and belief, Defendant Wal-Mart is and was at times relevant hereto in possession of the Property and/or was legally responsible for the condition of the Property or for activities conducted or circumstances existing on the Property, and was at times relevant hereto a "landowner," as defined by the CPLA, §13-21-115(1), C.R.S.

10. As a landowner under the PLA, Wal-Mart owed a non-delegable duty of reasonable care to its business invitees.

11. At all times material hereto, Wal-Mart was responsible for maintaining the surface areas of its store that were open to the public in a reasonably safe condition so that customers would not be injured due to, among other things, the presence of liquids on the floor and/or damaged flooring.

12. On or around June 22, 2019, Plaintiff and her daughter paid for their purchases and were in the process of leaving Defendant's store.

13. The floor mat in front of the exit and inside the store was saturated with water, and the concrete floor between the mat and the exit was exposed, damaged, and wet.

14. Plaintiff's shoes became wet as she walked across the mat. When Plaintiff stepped onto the concrete floor, she immediately slipped as a result of the uncovered, wet, and damaged floor.

15. As Plaintiff fell, she struck her shoulder and head against the door and then struck her head and knee on the floor.

16. The condition of the floor constituted a dangerous condition, activity, and circumstance existing on the Defendant's property about which the Defendant and its employees actually knew, or, as a business and persons using reasonable care, should have known.

17. Defendant had a duty to protect customers from dangers on its property.

18. Defendant had a duty to regularly inspect its premises for dangerous conditions.

19. Before the Plaintiff fell, there were no signs, cones, or notices in place to warn customers that the floor was wet.

20. Defendant failed to take any steps to protect the public from the liquid on the mat and floor.

21. Plaintiff's fall was caused by the Defendant's failure to use reasonable care to protect against the dangerous condition on its property.

22. As a result of the fall, Plaintiff has suffered injuries to her right and left shoulder, head, and back. Although she is still in the process of receiving medical treatment, her diagnosed injuries to date include traumatic right rotator cuff tear, right shoulder impingement syndrome, and pain/radiculopathy into right hand (complete tears of the supraspinatus and infraspinatus tendons as described with muscular atrophy requiring right shoulder arthroscopy, rotator cuff repair of supraspinatus and infraspinatus tendons, superior capsular reconstruction, biceps tenodesis, and subacromial decompression); bilateral arm and leg radiculopathy; cervicalgia and migraine headaches with nausea; lumbar and thoracic spine pain; and sleep issues. Plaintiff is currently in the process of having her left shoulder and back diagnosed and treated. Her doctors have stated that she may also require left shoulder surgery.

23. That as a direct and proximate result of Defendants' failure to use reasonable care to protect against the danger on the property, Plaintiff has incurred medical expenses and will continue to incur medical expenses in the future. Although her medical charges are expected to increase as treatment continues, Plaintiff's medical charges as of 04/21/21 are $91,992.49.

24. That as a direct and proximate result of Defendant's failure to use reasonable care to protect against the danger on the property, Plaintiff has lost income and other economic damages and suffered an impairment to her earning capacity.

25. That as a direct and proximate result of Defendant's failure to use reasonable care to protect against the danger on the property, Plaintiff has suffered non-economic damages including physical and mental pain, suffering, physical impairment and impairment to the quality of her life.

26. As a direct and proximate result of Defendant's actions and failure to use reasonable care to protect against the danger on the property, the Plaintiff suffered the injuries, damages, and losses alleged herein.

**FIRST CLAIM FOR RELIEF**
(Premises Liability)

27. Paragraphs 1 through 26 are incorporated by this reference as if fully set forth herein.

28. Wal-Mart expressly and impliedly represented that patrons of its store(s) were invited, expected, and intended to enter and remain on its premises. Plaintiff entered the Defendant's store to transact business in which both parties were mutually interested. As such, Plaintiff was an invitee as that term is defined by Section 13-21-115(5), C.R.S.

29. Upon information and belief, Defendant Wal-Mart is and was at times relevant hereto in possession of the Property and/or was legally responsible for the condition of the Property or for activities conducted or circumstances existing on the Property, and was at times relevant hereto a "landowner," as defined by the CPLA, §13-21-115(1), C.R.S.

30. As a landowner under the PLA, Wal-Mart owed a non-delegable duty of reasonable care to its business invitees.

31. Defendant Wal-Martwas responsible for providing a safe environment for the benefit of all legitimate entrants to its premises.

32. The Plaintiff suffered injuries, damages, and losses.

33. The Plaintiff's injuries, damages, and losses were the result of Defendant's unreasonable failure to exercise reasonable care to protect against dangers on its property of which it actually knew or should have known.

34. Plaintiff's injuries, damages, and losses occurred on Defendant's property by reason of the dangerous activities and unreasonably dangerous conditions on its property.

35. Defendant Wal-Mart unreasonably failed its duty to warn the Plaintiff of the danger.

36. Defendant Wal-Mart failed its duty to protect store patrons from the danger of falling injuries by failing to mark the area with warning signs.

37. Defendant Wal-Mart failed its duty to protect store patrons from the danger of falling injuries by failing to repair the damaged floor.

38. Defendant Wal-Mart failed its duty to protect store patrons from the danger of falling injuries by failing to inspect its floors and ensure its floors were clear of slipping hazards.

39. Defendant Wal-Mart failed its duty to protect store patrons from the danger of falling injuries by failing to institute, maintain, and/or follow policies and procedures that prevent slipping hazards.

40. Defendant knew or should have known about an unreasonable danger on its property.

41. Defendant failed to use reasonable care to protect patrons against the danger on its property.

42. Defendant is directly liable for its failure to use reasonable care to protect against the danger on its property and vicariously liable for the negligent actions of its employees and/or agents.

43. As a direct and proximate result of Defendant's failures, Defendant caused the Plaintiff's injuries, damages, and losses alleged herein.

## SECOND CLAIM FOR RELIEF
(Negligence)

44. Paragraphs 1 through 43 are incorporated by this reference as if fully set forth herein.

45. Defendant owed a duty of reasonable care to carry out its business activities in such a manner so as not to endanger the public safety.

46. Defendant Wal-Mart negligently failed its duty to warn the Plaintiff of the danger.

47. Defendant negligently failed its duty to protect store patrons from the danger of falling injuries by failing to mark the area with warning signs.

48. Defendant Wal-Mart negligently failed its duty to protect store patrons from the danger of falling injuries by failing to repair the damaged floor.

49. Defendant Wal-Mart negligently failed its duty to protect store patrons from the danger of falling injuries by failing to inspect and ensure its floors were clear of slipping hazards.

50. Defendant Wal-Mart negligently failed its duty to protect store patrons from the danger of falling injuries by failing to institute, maintain, and/or follow policies and procedures that prevent slipping hazards.

51. Defendant's negligence was a direct and proximate cause of the Plaintiff's injuries, damages, and losses.

52. Defendant is directly liable for its negligent failure to use reasonable care to protect against the danger on its property and vicariously liable for the negligent actions of its employees and/or agents.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A. For economic damages in an amount to be proved at trial;
A. For non-economic damages in an amount to be proved at trial;
B. For physical impairment and disfigurement damages in an amount to be proved at trial;
C. For costs and pre/post judgment interest as provided by law.
D. Any such other relief that the Court deems just and proper.

Respectfully submitted this 28th day of May, 2021.


EARL & EARL, PLLC

*S/ Joshua Robnett*
_____

                                  Joshua Robnett, #45734
                                  Attorney for the Plaintiff

<u>Plaintiff's address:</u>
1236 S. 10th Street
Canon City, CO 81212